# EXHIBIT A

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Plaintiff, Schuylkill Stone Corp. n/k/a Environmental Materials, LLC

| | |
|---|---|
| SCHUYLKILL STONE CORP. n/k/a ENVIRONMENTAL MATERIALS, LLC<br><br>Plaintiff,<br><br>v.<br><br>STATE AUTO INSURANCE COMPANY,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY CAMDEN COUNTY – LAW DIVISION<br><br>DOCKET NO.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Schuylkill Stone Corp. n/k/a Environmental Materials, LLC ("Schuylkill") through its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, by way of Complaint against defendant State Auto Insurance Company ("State Auto"), state as follows:

### THE PARTIES

1. Schuykill was a privately held Pennsylvania corporation authorized to transact business in the State of New Jersey.

2. Schuylkill's business included, but was not limited to, the manufacture, installation, and service of cultured stone veneers applied to the siding of homes.

3. Specifically, Schuylkill was contracted to perform the above services in conjunction with the construction of a large number of homes located in the State of New Jersey.

4. Schuykill is a predecessor in interest to Environmental Materials, LLC, subject to an Asset Purchase Agreement executed on or about October 31, 2002. (Attached hereto as Exhibit A).

5. Pursuant to the Asset Purchase Agreement between Schuykill and Environmental Materials, liability for pre-asset-purchase events, including allegations of defective construction, is assumed by Schuylkill. (See Exhibit A).

6. Until the enforceability, scope, and effect of the asset purchase agreement is determined, Schuylkill will remain a potentially liable party for all allegations of defective construction based upon the Asset Purchase Agreement.

7. Upon information and belief, State Auto is a publicly held Ohio corporation maintaining offices at 518 East Broad Street, Columbus, Ohio.

8. State Auto issued an insurance policy to Schuylkill providing property, general liability, inland marine, and umbrella insurance coverage.

9. On information and belief, the coverage that State Auto provided was within a specified coverage territory, and that coverage territory included anywhere in the continental United States.

10. State Auto issued the insurance policy with knowledge and expectation that Schuylkill's business activities would be anywhere Schuylkill performed its work, including anywhere in the continental United States, and specifically in the State of New Jersey.

## UNDERLYING ACTION

11. On or about April 21, 2008, Plaintiffs Howard Wallach and Jennifer Wallach, husband and wife, et al., filed a Tenth Amended Complaint against Sara K.

Gowling, Susan Nydick, The Quaker Group, Quaker Group Associates, L.P., Quaker Real Estate Development, Inc., Quaker N.J. Construction, Inc., Quaker Group Development, L.P., Cooper Crossing Associates, A-1 Bracket, Inc., Quaker Group Burlington, L.P., Quaker Group Glouco I L.P., and Quaker Group Glouco II, L.P. (hereinafter summarily referred to as "Quaker") in the Superior Court of New Jersey, Camden County, Law Division, bearing Docket No. CAM-L-6527-07. (Attached hereto as Exhibit B).

12. The Complaint includes thirty-nine various plaintiff homeowners and alleges, notably, water and mold infiltration due to defective construction against the named defendants with respect to the development and construction of plaintiffs' homes between 1998 and 2001.

13. On or about July 1, 2008, defendants in the above matter filed a Third-Party Complaint against Haynes Construction, Manny's Construction, Antonio Marquez d/b/a Villa Nova, J.L. Contractors, Inc.; Carlos Vasquez d/b/a Nica's Construction, Environmental Enterprises, A&C Construction, Jesamcorp., R.J. Juzwiak Building Corp., DRB Builders, House Wright Production Carpentry Corp. Barrier/Atwood RV, Capitol/MI Home Products, Thulman Eastern, Schuylkill Stone, James Bittner, Ken Beckstead, Archer's Siding, Inc., Coffey Brothers, Inc., Tortorice Contractors, Inc., and Metal Tech R&S Inc. (Attached hereto as Exhibit C).

14. Plaintiffs in the underlying action, including but not limited to, John and Bonnie Greenberg, Chris and Cheryl Matteson, Richard and Liz Petrelli, and Adam and Jennifer Heiligman, made allegations of defective manufacture and installation of cultured stone products on their homes and have alleged sustaining damages, including

but not limited to, wet, rotten, and moldy substrate sheathing and support members, wet and moldy insulation and drywall, and damaged flooring, carpet, paint, and wallpaper. (See Exhibit B).

15. Plaintiffs Greenberg, Matteson, Petrelli, and Heiligman allege that they have sustained physical, water, and mold damage to parts of their homes that were not manufactured, installed, serviced, or otherwise provided for by Schuylkill.

16. Plaintiffs Greenberg, Matteson, Petrelli, and Heiligman provided expert reports and invoices detailing water infiltration behind cast stone and damage to the underneath structures in their homes in support of the allegations contained in the Wallach Complaint. (Attached hereto as Exhibit D – Greenberg Report, Exhibit E – Matteson Report, Exhibit F – Petrelli Report, and Exhibit G – Heiligman Report).

17. Approximately $240,000 in total damages are alleged in Quaker's Third-Party Complaint as attributable to Schuylkill.

## COUNT ONE

### Declaratory Judgment

18. Schuylkill is a named insured on Policy No. ███████ issued by State Auto Insurance Company (herein referred to as "The Policy").

19. The Policy was effective from May 10, 1999 to May 10, 2002, and provided property, general liability, inland marine, and umbrella insurance coverage to Schuylkill for its activities in various states. (Attached hereto as Exhibit H).

20. Schuylkill paid costs of premium to State Auto over the life of the Policy in consideration of the coverage for defense and indemnification afforded by the terms therein.

21. The underlying Complaints and the allegations contained therein are directly covered by the aforementioned insurance Policy. (See Exhibit H).

22. By letter dated August 5, 2009, Schuylkill tendered notice of claim with respect to the lawsuits filed by Wallach and Quaker and made demand for defense and indemnification. (Attached hereto as Exhibit I).

23. By letter dated September 9, 2009, State Auto acknowledged receipt of Schuylkill's tender and indicated that additional time was needed to contemplate the request. (Attached hereto as Exhibit J).

24. By letter dated September 28, 2009, State Auto refused to defend or indemnify Schuylkill against the claims in the aforementioned Complaints. (Attached hereto as Exhibit K).

25. State Auto has a duty to defend Schuylkill against any actions regarding covered occurrences or for occurrences arising out of coverage.

26. State Auto has breached that duty by refusing to defend or indemnify Schuylkill in the underlying actions.

WHEREFORE, Schuylkill demands that the Court enter an order compelling State Auto to acknowledge its duty to defend, reimburse Schuylkill for all expenses and legal fees already incurred in its defense after August 5, 2009, and for all future legal fees, court costs and expenses incurred in the future regarding this suit, the underlying actions, and arising out of the applicable policy pursuant to Rule 4:42-9(a)(6), and all such other relief as the Court deems just and proper.

## COUNT TWO

**Breach of Contract**

27. Schuylkill repeats and incorporates the allegations contained in the foregoing paragraphs of the Complaint for Declaratory Judgment as if fully set forth at length herein.

28. Upon information and belief, under the terms and conditions of the State Auto policy held by Schuylkill, State Auto owes to Schuylkill coverage, defense, and indemnification in the underlying actions to the extent that the claims therein may be substantiated. (See Exhibit H).

29. Failure to uphold the duties and responsibilites obligated by the Policy constitutes a wrongful breach of the terms therein, which require that State Auto provide a defense for covered occurrences or for occurrences arising out of coverage. (See Exhibit H).

30. Schuylkill, and its successor in interest, Environmental Materials, have incurred expenses in the defense of the underlying action and in asserting the claims within this declaratory action.

31. Schuylkill, and its successor in interest, Environmental Materials, will continue to incur expenses in the future associated with its defense of the underlying action and in the claims asserted within this declaratory action.

WHEREFORE, Schuylkill demands that the Court enter an order compelling State Auto to perform its obligations under the Policy by defending Schuylkill in the underlying actions, reimburse Schuylkill for all expenses and legal fees already incurred in its defense after August 5, 2009, and for all future legal fees, court costs and expenses

incurred in the future regarding this suit, the underlying actions, and arising out of the applicable policy pursuant to Rule 4:42-9(a)(6), and all such other relief as the Court deems just and proper.

## COUNT THREE

### Bad Faith Denial of Coverage

32. Schuylkill repeats and incorporates the allegations contained in the foregoing paragraphs of the Complaint for Declaratory Judgment as if fully set forth at length herein.

33. By letter dated August 5, 2009, State Auto was made aware that Schuylkill was named as a defendant in a Third-Party Complaint. (See Exhibits C, I).

34. By same correspondence, State Auto became aware of the factual allegations contained in the Third-Party Complaint and their relation to Schuylkill's involvement in the construction of the homes alleged in the Wallach Complaint to have sustained damage. (See Exhibits B, C, and I).

35. By same correspondence, State Auto became aware that the dates of Schuylkill's services on the homes alleged to have sustained damage were within the period of coverage contained in the Policy. (See Exhibit I).

36. By same correspondence, State Auto became aware that litigation against Schuylkill had commenced and that legal services had been provided on Schuylkill's behalf, including but not limited to serving written discovery and receiving responses thereto, retention of an expert, participation in case management conferences and proceedings before the court-appointed discovery master, and settlement negotiations. (See Exhibit I).

37. By same correspondence, State Auto received notice of Schuylkill's claim and demand for defense and indemnification. (See Exhibit I).

38. Plaintiffs Greenberg, Matteson, Petrelli, and Heiligman submitted expert reports and invoices detailing water infiltration behind cast stone and damage to the underneath structures in their homes in support of the allegations contained in the underlying actions. (See Exhibits D, E, F, and G).

39. Schuylkill provided State Auto with sufficient notice of claim and basis thereof for State Auto to determine that coverage is mandated under the Policy. (See Exhibit H).

40. Despite notice, State Auto denied coverage and defense of Schuylkill's claim. (See Exhibit K).

41. State Auto's denial of coverage has no basis in either fact or law and is without debatable reason.

42. As a direct consequence of State Auto's bad faith denial of coverage, Schuylkill, and its successor in interest, Environmental Materials, have suffered harm.

WHEREFORE, Schuylkill demands that the Court enter an order reimbursing Schuylkill for all expenses and legal fees already incurred in its defense after August 5, 2009, and for all future legal fees, court costs and expenses incurred in the future regarding this suit, the underlying actions, and arising out of the applicable policy pursuant to Rule 4:42-9(a)(6), punitive damages, and all such other relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

     Plaintiff, Schuylkill Stone, designates Peter A. Gaudioso, Esq. as trial counsel in this matter.

                                  **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**
                                  Attorneys for Plaintiff, Schuylkill Stone

                                  By: _____
                                        Peter A. Gaudioso, Esq.

Dated: October 6, 2009

## CERTIFICATION

Pursuant to Rule 4:5-1, it is hereby stated that the matter in controversy is related to a certain action pending in the Superior Court of New Jersey, Camden County, Law Division, captioned Wallach, et al. v. Quaker, et al., Docket No. CAM-L-6527-07. Upon information and belief, there are no other related actions pending in the Superior Court of the State of New Jersey. Other than the parties set forth in this pleading, we are not presently aware of any other parties who should be joined in the above action.

We further certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I recognize the continuing obligation of each party to file and serve on all parties and the Court an amended Certification if there is a change in the facts stated in this original certification.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Plaintiff, Schuylkill Stone

By: _____
Peter A. Gaudioso, Esq.

Dated: October 6, 2009

## List of Exhibits

Exhibit A – Asset Purchase Agreement between Schuylkill Stone and Environmental Materials dated October 31, 2002

Exhibit B – Tenth Amended Complaint filed in the Superior Court of New Jersey, Camden County, Law Division, bearing Docket No.: CAM-L-6527-07

Exhibit C – Third-Party Complaint filed in the Superior Court of New Jersey, Camden County, Law Division, bearing Docket No.: CAM-L-6527-07

Exhibit D – Expert Report submitted by Plaintiffs John and Bonnie Greenberg

Exhibit E – Expert Report submitted by Plaintiffs Chris and Cheryl Matteson

Exhibit F – Expert Report submitted by Plaintiffs Richard and Liz Petrelli

Exhibit G – Expert Report submitted by Plaintiffs Adam and Jennifer Heiligman

Exhibit H – State Auto Insurance Company Policy No.: [redacted]

Exhibit I – Correspondence from Peter Gaudioso, Esq., counsel for Schuylkill Stone to State Auto Insurance Company, dated August 5, 2009

Exhibit J – Correspondence from State Auto Insurance Company to Peter Gaudioso, Esq., counsel for Schuylkill Stone, dated September 9, 2009

Exhibit K – Correspondence from State Auto Insurance Company to Peter Gaudioso, Esq., counsel for Schuylkill Stone, dated September 28, 2009, State Auto