UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHUYLKILL STONE CORP n/k/a ENVIRONMENTAL MATERIALS, LLC: <br><br> Plaintiff, <br><br> vs. <br><br> STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 09-cv-05812-NLH-AMD <br><br><br><br> ANSWER AND SEPARATE DEFENSES |

Defendant, State Automobile Mutual Insurance Company, answers plaintiff's Complaint as follows:

1. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied.

2. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied.

3. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied.

4. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

5. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

6. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

7. Denied as stated. By way of further answer, State Automobile Mutual Insurance Company is a company incorporated in the State of Ohio with its principal place of business at 518 East Broad Street, Columbus, Ohio.

8. Denied as stated. By way of further answer, it is admitted that State Automobile Mutual Insurance Company issued an insurance policy to Schuylkill Stone Corp., which policy was in effect from May 10, 1999 to May 10, 2000. The policy provided property, general liability, inland marine and umbrella insurance coverage.

9. Denied as stated. By way of further answer, the coverage that State Automobile Mutual Insurance Company provided was within a specified coverage territory, and that coverage territory included anywhere in the continental United States.

10. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. Defendant admits only that they believe that Howard and Jennifer Wallach may have filed one or more amended complaints against certain defendants in the Superior Court of New Jersey, Camden County, Law Division under docket No. CAM-L-6527-07.

12. Defendants admit only that upon information and belief the underlying complaint is asserted by various homeowners concerning the construction of certain homes and the materials utilized in that construction. The specific allegations asserted by the homeowners are set forth in the pleadings and the expert reports from the underlying action.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied. Defendants admit only that they believe certain defendants may have filed a third-party complaint against various additional defendants, including Schuylkill Stone, in the underlying action.

14. Defendants admit only that upon information and belief the underlying complaint is asserted by various homeowners concerning the construction of certain homes and the materials utilized in that construction. The specific allegations asserted by the homeowners are set forth in the pleadings and expert reports from the underlying action.

15. Defendants admit only that upon information and belief the underlying complaint is asserted by various homeowners concerning the construction of certain homes and the materials utilized in that construction. The specific allegations asserted by the homeowners are set forth in the pleadings and expert reports from the underlying action.

16. Defendants admit only that upon information and belief the underlying complaint is asserted by various homeowners concerning the construction of certain homes and the materials utilized in that construction. The specific allegations asserted by the homeowners are set forth in the pleadings and expert reports from the underlying action.

17. Defendants admit only that upon information and belief the underlying complaint is asserted by various homeowners concerning the construction of certain homes and the materials utilized in that construction. The specific allegations asserted by the homeowners are set forth in the pleadings and expert reports from the underlying action.

## COUNT ONE

### Declaratory Judgment

18. Denied as stated. By way of further answer, Schuylkill is a named insured on Policy No. PBP 9586272 00 issued by State Automobile Mutual Insurance Company.

19. Denied as stated. By way of further answer, it is admitted that State Automobile Mutual Insurance Company issued an insurance policy to Schuylkill Stone Corp., which policy was in effect from May 10, 1999 to May 10, 2000. The policy provided property, general liability, inland marine and umbrella insurance coverage.

20. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

21. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

22. Denied as stated. The August 5, 2009 letter is document that speaks for itself.

23. Denied as stated. The September 9, 2009 letter is document that speaks for itself.

24. Denied as stated. The September 28, 2009 letter is document that speaks for itself.

25. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

26. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant State Automobile Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and dismiss plaintiff's Complaint with prejudice.

## COUNT TWO

### Breach of Contract

27. Defendant hereby incorporates paragraphs 1 through 26 of its Answer as though more fully set forth herein at length.

28. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

29. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

30. After reasonable investigation, Defendants is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied.

31. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and said averments are therefore denied.

WHEREFORE, Defendant State Automobile Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and dismiss plaintiff's Complaint with prejudice.

## COUNT THREE

### Bad Faith Denial of Coverage

32. Defendant hereby incorporate paragraphs 1 through 31 of its Answer as though more fully set forth herein at length.

33. Denied as stated. The August 5, 2009 letter is document that speaks for itself.

34. Denied as stated. The August 5, 2009 letter is document that speaks for itself.

35. Denied as stated. The August 5, 2009 letter is document that speaks for itself.

36. Denied as stated. The August 5, 2009 letter is document that speaks for itself.

37. Denied as stated. The August 5, 2009 letter is document that speaks for itself.

38. Defendant admits only that upon information and belief that the underlying complaint is asserted by various homeowners concerning the construction of certain homes and the materials utilized in that construction. The specific allegations asserted by the homeowners are set forth in the pleadings and expert reports from the underlying action.

39. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

40. Denied as stated. The September 28, 2009 letter is document that speaks for itself.

41. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

42. The averments of this paragraph are conclusions of law to which no responsive pleading is required.

WHEREFORE, Defendant State Automobile Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and dismiss plaintiff's Complaint with prejudice.

## SEPARATE DEFENSES

1. The Court lacks personal jurisdiction over State Automobile Mutual Insurance Company which does not maintain any place of business or regularly conduct business in the State of New Jersey.

2. Plaintiff's claims are barred in whole or in part by the terms, exclusions, agreements, conditions and limitations contained in the relevant policy of insurance issued by State Automobile Mutual Insurance Company to Plaintiff.

3. The complaint, amended complaint(s) and third-party complaints filed in the underlying action do not assert claims against Schuylkill Stone that are within the scope of coverage under any policy issued by State Automobile Mutual Insurance Company.

4. Plaintiff's claims are barred in whole or in part because the claims asserted against Schuylkill Stone in the underlying action are for defective workmanship and therefore do not constitute an "occurrence" causing "property damage" as those terms are used in the subject policy.

5. Plaintiff's claims are barred in whole or in part because the relevant policy of insurance issued by State Automobile Mutual Insurance Company to Plaintiff specifically excludes coverage for damages incurred as a result of "the assumption of liability in a contract or agreement."

6. Plaintiff's claims are barred in whole or in part because the relevant policy of insurance issued by State Automobile Mutual Insurance Company to Plaintiff specifically excludes coverage for property damage to "your product" and "your work."

7. Plaintiff's claims are barred in whole or in part because the relevant policy of insurance issued by State Automobile Mutual Insurance Company to Plaintiff specifically

excludes claims for damages to "impaired property" arising out of defect or property "not physically injured."

8. Plaintiff's claims are barred in whole or in part because the damages caused by Schuylkill Stone as alleged in the underlying action did not manifest themselves within the periods of time during which any State Automobile Mutual Insurance Company policy was in force.

9. Plaintiff's claims are barred in whole or in part because Schuylkill Stone, the entity allegedly insured under the subject State Automobile Mutual Insurance Company policy, no longer exists and therefore there is no legal entity to qualify as an "insured" to which coverage can be extended.

10. Some or all of the claims asserted by Plaintiff are or may be barred by the applicable statute(s) of limitations.

11. Plaintiff lacks standing to pursue some or all of the claims alleged against State Automobile Mutual Insurance Company.

12. Some or all of the claims asserted by Plaintiff fail for lack of consideration.

13. State Automobile Mutual Insurance Company's obligations, if any, to Plaintiff and/or others are governed by and subject to the terms and provisions set forth in the contract of insurance issued by State Automobile Mutual Insurance Company to Schuylkill Stone.

14. Plaintiff's complaint fails to state a claim against State Automobile Mutual Insurance Company upon which relief can be granted.

15. The coverage liability of State Automobile Mutual Insurance Company, if any, is concurrent with the liability of other insurers.

16.  The coverage liability of State Automobile Mutual Insurance Company, if any, must be pro-rated with the liability of other insurers.

17.  State Automobile Mutual Insurance Company reasonably relied on the information provided by Plaintiff and its attorneys during its investigation and adjustment of the claim submitted by Plaintiff.

18.  Plaintiff has failed to join necessary and/or indispensable parties.

19.  Plaintiff is bound by the acts and/or omissions of its representatives and attorneys.

20.  State Automobile Mutual Insurance Company has performed all of its duties and obligations existing under the relevant contract of insurance.

21.  Plaintiff has failed to comply with all conditions precedent to maintain this action, including, but not limited to its failure to comply with its Duties After Loss.

22.  Plaintiff's damages, if any, are the result of the negligence or fault of third parties over which State Automobile Mutual Insurance Company has no control.

23.  Any expectations that State Automobile Mutual Insurance Company would provide coverage for Plaintiff's outstanding claims are not reasonable or justified.

24.  Environmental Materials LLC has no identifiable interest in this litigation because it is not a party to the subject insurance policy issued by State Automobile Mutual Insurance Company.

25.  State Automobile Mutual Insurance Company acted in good faith with regard to the handling of Plaintiff's claim.

26.  State Automobile Mutual Insurance Company did not act in bad faith because they acted at all pertinent times with a reasonable basis and in good faith and at no time recklessly disregarded Schuylkill Stone's rights in connection with the underlying claim.

27.     State Automobile Mutual Insurance Company did not act in bad faith because fairly debatable reasons exist as to their denial of benefits.

28.     State Automobile Mutual Insurance Company's handling of the claim and its claims decisions were, at all times, reasonable and appropriate under the terms of the policy of insurance and under all applicable statutes and regulations.

WHEREFORE, Defendant State Automobile Mutual Insurance Company respectfully requests that this Honorable Court enter judgment in its favor and dismiss plaintiff's Complaint with prejudice.

**NELSON LEVINE de LUCA & HORST, LLC**


BY:     s/ Michael R. Fox
        **MICHAEL R. FOX**
        518 Township Line Road, Suite 300
        Blue Bell, PA 19422
        (215) 358-5100; (215) 358-5101 (fax)
        mfox@nldhlaw.com

        *ATTORNEYS FOR DEFENDANT*
        *STATE AUTOMOBILE MUTUAL*
        *INSURANCE COMPANY*

Dated: December 4, 2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHUYLKILL STONE CORP n/k/a ENVIRONMENTAL MATERIALS, LLC: <br><br> Plaintiff, <br><br> vs. <br><br> STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 09-cv-05812-NLH-AMD |

## CERTIFICATE OF SERVICE

I, Michael R. Fox, Esquire, hereby certify that a true and correct copy of the Answer with Separate Defenses was served on December 4, 2009, upon counsel listed below via ECF and/or United States Mail, postage prepaid.

Peter A. Gaudioso
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075

**NELSON LEVINE de LUCA & HORST, LLC**

BY: ___s/ Michael R. Fox___
**MICHAEL R. FOX**
518 Township Line Road, Suite 300
Blue Bell, PA 19422
(215) 358-5100; (215) 358-5101 (fax)
mfox@nldhlaw.com

*ATTORNEYS FOR DEFENDANT*
*STATE AUTOMOBILE MUTUAL*
*INSURANCE COMPANY*