IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHUYLKILL STONE CORP. n/k/a ENVIRONMENTAL MATERIALS, LLC,<br>    Plaintiff,<br><br>    v.<br><br>STATE AUTOMOBILE MUTUAL INSURANCE COMPANY,<br>    Defendant. | CIVIL NO. 09-5812(NLH)(AMD)<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES:**

PETER A. GAUDIOSO
MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 MOUNT KEMBLE AVENUE
PO BOX 2075
MORRISTOWN, NJ 07962-2075

    On behalf of plaintiff

MICHAEL ROBERT FOX
NELSON LEVINE DELUCA & HORST, LLC
518 TOWNSHIP LINE ROAD
SUITE 300
BLUE BELL, PA 19422

    On behalf of defendant

**HILLMAN**, District Judge

    This matter having come before the Court on defendant's motion for reconsideration of the Court's August 17, 2010 Opinion and Order granting plaintiff's motion for summary judgment on its declaratory judgment action for insurance coverage under an insurance policy issued by defendant[1]; and

---

[1] The Court granted defendant's cross-motion for summary judgment on plaintiff's bad faith claim. Neither party is seeking reconsideration of that finding.

Local Civil Rule 7.1(i) providing, in relevant part, "A motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge.  A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

The Court recognizing that the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

The Court further recognizing that the motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F.

2

Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

The Court having granted plaintiff's motion for summary judgment on its declaratory judgment action for insurance coverage under an insurance policy issued by defendant; and

The parties having disputed whether the insurance policy issued by defendant requires it to provide a defense to plaintiff, Schuylkill Stone, in an underlying state court case (referenced in the Opinion as the Wallach case), which involved claims by homeowners for damages resulting from the faulty construction of their homes by the developer, The Quaker Group, and its subcontractor, Schuylkill Stone; and

Defendant having argued, among other things, that the Wallach plaintiffs' claims for property damage and bodily injury do not amount to an insured "occurrence" because their claims for faulty workmanship--a contractual, not tort, claim--cannot be considered an "accident," which the policy defines to constitute an "occurrence"; but

The Court, after extensively analyzing Pennsylvania law and a district court decision addressing almost identical claims, having found "the claims of the Wallach plaintiffs as currently alleged in their tenth-amended complaint against Quaker and its subcontractors, including Schuylkill Stone, and further imputed

3

onto Schuylkill Stone through Quaker's third-party joint tortfeasor claims, can be considered an 'occurrence' under the State Auto policy" (Op. at 16); and

The Court thus finding that defendant was required to provide a defense to Schuykill Stone in the Wallach suit under the insurance policy issued to Schuykill Stone by defendant; and

Defendant having filed a motion for reconsideration of that decision, arguing that the Court did not fully consider the case Millers Capital Ins. Co. v. Gambone Bros. Development Co., Inc., 941 A.2d 706 (Pa. Super. 2007), which defendant claims is exactly on point and controlling; but

The Court finding that defendant's motion is without merit because (1) defendant made the same argument in its original briefing, which the Court considered and rejected by finding the Millers Capital case, and other similar cases, to be distinguishable (Op. at 8-15); (2) the Court specifically noted the Millers Capital case in the analysis distinguishing that case's holding from the situation in this matter (Op. at 16); and (3) further explanation of how Millers Capital was distinguishable was not necessary, as that case relied upon the reasoning of Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Comm. Union Ins. Co., 908 A.2d 888 (Pa. 2006), which this Court extensively considered; and

The Court finding that defendant's motion for reconsideration is simply a reargument of its position presented in opposition to

plaintiff's summary judgment motion and in support of its cross-motion for summary judgment, and is only a disagreement with the Court's decision;

    Accordingly,

    **IT IS HEREBY** on this 17th day of June , 2011

    **ORDERED** that defendant's motion for reconsideration [28] is **DENIED**; and it is further

    **ORDERED** that, in accord with the Court's prior Order, the parties shall confer and submit a proposed Order of Judgment within 10 days.

                                            s/ Noel L. Hillman

At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.